# NATHAN DISBROW

*v.*

# THE CHICAGO AND NORTHWESTERN RAILWAY CO.

1. RAILROAD—*liability for obstructing passage over its track to a party's eating house.* Where a railroad company had several tracks between the depot, where passengers got off its trains, and an eating house of a party, and trains were made up at that station, so that it was dangerous for persons to cross over to the eating house, the company will not be liable to the proprietor of the house for leaving freight and other cars on its side-

track, so as to make it difficult for passengers to cross over to his house. The company, in such a case, is not obliged to keep open an unobstructed way for the passage of persons to and fro across its track, for the accommodation of the private business of an individual, and the obstruction was a lawful means to adopt for the safety of passengers, and to protect itself from liability for injury to others in crossing.

2. PLEADING AND EVIDENCE—*proof must have its foundation in the pleadings.* Where the cause of action stated in a declaration was, the obstructing the defendant's own track with cars, so as to prevent passengers from crossing over to the plaintiff's eating house, and there was no averment of the obstruction of a crossing or public way over the track, it was *held,* that such evidence was inadmissible, and could not be considered.

APPEAL from the Circuit Court of McHenry county; the Hon. THEODORE D. MURPHY, Judge, presiding.

Mr. T. LYLE DICKEY, and Mr. FRANK CROSBY, for the appellant.

Mr. B. C. COOK, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action on the case, brought by Disbrow against The Chicago and Northwestern Railway Company, to recover for damages caused by the standing of freight cars on the company's railway track, in front of an eating house of the plaintiff, at the times when the passenger trains on defendant's road stopped at Harvard for meals.

The complaint in the declaration is, that the defendant, intending to injure the plaintiff, and to prevent the use and enjoyment of his building as a railway eating house at the times when the passenger trains stopped for meals, wrongfully caused freight and other cars to be stationed on the tracks of the railroad, in front of plaintiff's eating house, and thereby obstructed the access of railway passengers thereto.

The evidence shows that Harvard is a station on defendant's road where a large number of cars stop; that trains are made up there; that the repairing shops of the company are

at that place; that there are there six tracks of its railroad. Defendant had an eating house in close connection with its depot, the eating house being situated on the side of the six tracks on which passengers were received, and on which they landed from the cars. On the other side of these six tracks, was the plaintiff's eating house. It was in evidence, that plaintiff had been an annoyance in his soliciting, on the cars, of passengers as customers for his eating house; that, in doing so, he had exposed himself to danger of injury about the cars, and he had been forbidden from the cars for the purpose of soliciting passengers; that constant switching was going on while trains stopped for meals, and that it was dangerous for passengers to cross the tracks to plaintiff's eating house. There were a verdict and judgment in favor of the defendant, in the court below, and the plaintiff appealed.

We can not see here any cause of action. Whether the stationing of the cars, as alleged, was in the necessary transaction of the company's business, or for the purpose of preventing access to the premises of plaintiff, across the tracks of defendant's road, we conceive makes no difference. The latter was a means it might properly adopt, for the safety and protection of its passengers, and to guard against its own exposure to liability for damages which might be sustained in crossing over its tracks. What was done, was in the lawful use of the defendant's own property, what it had the right to do, in virtue of its ownership of the estate. It was not obliged to keep open an unobstructed way for the passage of persons to and fro, across its tracks, for the accommodation of the private business of an individual. The plaintiff could assert no right of a passage way over the tracks of defendant's road. No right of his was interfered with.

There is some evidence tending to show that the sidewalk and a public street crossing over the track were obstructed. But no such cause of action is set forth in the declaration. There is no averment in it of the obstruction of any way over which the plaintiff had a right of passage.

The view taken, renders it unnecessary to consider the several further errors which have been assigned.

We consider that there is no cause of action proven, or laid in the declaration.

The judgment is affirmed.

*Judgment affirmed.*